## Case No. 6,571.

### HODGSON v. WOODHOUSE.

[1 Cranch, C. C. 549.] [1]

Circuit Court, District of Columbia. July Term, 1809.

TROVER AGAINST MASTER OF VESSEL—WHEN IT LIES.

Trover will not lie against the master of a vessel for the cargo, unless the freight is paid, or tendered, or the payment waived; nor if the goods were lost so that they did not come to the use of the defendant.

Trover against the master of a vessel for cheese and porter.

Mr. Taylor, for defendant, prayed the court to instruct the jury, that the plaintiff could not recover, unless he had paid or tendered the freight;—which instruction THE COURT gave with a proviso that the jury should not be satisfied by the evidence that the defendant had waived the precedent condition of payment. Ross v. Johnson, 5 Burrows, 2825.

THE COURT, also, at the prayer of the defendant, instructed the jury, that if they should be of opinion that the cheese was eaten by the rats, or otherwise lost. so that it did not come to the use of the defendant, the plaintiff cannot recover in this form.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 6,571a.

### HODSON v. LAKE SHORE & M. R. CO.
### SAME v. PORTER.

[12 Reporter, 41.] [1]

Circuit Court, N. D. Ohio. June 13, 1881.

REMOVAL OF CAUSES TO FEDERAL COURTS—BEFORE ISSUE JOINED—SUBMISSION OF PARTIES DEFENDANT.

A cause may be removed to the federal court before an answer is made, in an action in which bailees have moved for a substitution of the real parties in interest, and the order of substitution has been entered.

The plaintiffs in these two cases brought suit in replevin for wheat in the common pleas court of Fulton county, Ohio, against the defendant railway company; the railway company disclaimed any ownership in the wheat except as bailees for carriage, but alleged that the other defendants, citizens of New York, claimed the wheat, and prayed that they be substituted as parties defendant in its place, which was done by order of the court under section 5016 of the Code of Ohio (Rev. St. 1880), and the defendants appeared voluntarily and before any answer or other pleading filed petitions and bonds for removal to the circuit court of the United States, under the act of congress of March 3, 1875 [18 Stat. 470]. Plaintiffs filed motions to remand the same in the circuit court, on the ground that no "controversy" existed at the time of removal, there being no answer or other pleading contesting the right of the plaintiffs to the wheat; that the statement that a controversy existed in the petition for removal was not sufficient, that it must appear from the pleadings that there was a controversy.

Gilbert Harmon, for plaintiffs.

George Haynes and Smith & Geddes, for defendants.

WELKER, District Judge. Though there are no decisions in the federal courts directly upon this point. yet many cases are to be found in the reports where the removals were had before any answer on the part of the defendants had been made; and the failure of the several judges to notice such a defect is equivalent to an opinion that it is not fatal to the removal and subsequent jurisdiction of the court. Motion overruled.

---

HODSON (UNITED STATES v.). See Case No. 15,376.

---

## Case No. 6,572.

### HOE et al. v. COLE et al.

[The case reported under above title in 13 O. G. 500, is the same as Case No. 6,573.]